IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

SHAWNA C. LONG, :
:
    Claimant, :
:
v. : CASE NO. 7:07-CV-153 (WLS)
: Social Security Appeal
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
    Respondent. :

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations pursuant to the authority provided by the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the ALJ failed to properly evaluate the Claimant's residual functional capacity?**

II. **Whether the ALJ improperly evaluated the Claimant's subjective allegations of pain?**

### Administrative Proceedings

Claimant protectively filed for disability benefits on March 31, 2004. (R-10, p. 4). Claimant's application was denied initially and on reconsideration. Claimant then filed a

request for a hearing before an administrative law judge (ALJ), wherein a hearing was ultimately held on December 15, 2006. (T-572-592). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated March 26, 2007. (T-15-22). Claimant then requested a review of the ALJ's findings by the Appeals Council and submitted new evidence for review. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-8-10).

## **Statement of Facts and Evidence**

Claimant alleges in her brief that she is disabled due to discogenic and degenerative back disorders, visual disturbances, mood swings and panic attacks. (R-10, p. 4). After examining the medical records, the ALJ determined that Claimant had substance abuse induced psychosis, bipolar disorder, degenerative disc disease and status post lumbar surgery, impairments that were severe within the meaning of the Regulations. (T-18). The ALJ determined that Claimant's impairments, along with the substance abuse, met Listing Section 12.09(B) of 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* Thereafter, the ALJ found that if Claimant stopped her substance abuse, she would not have an impairment or combination of impairments that met or medically equaled any relevant Listing and would have the residual functional capacity to perform work at the sedentary exertional level. (T-19). Next, the ALJ determined that if Claimant stopped the substance abuse, she would not be able to return to her past relevant work. (T-20). The ALJ then consulted the Medical-Vocational Guidelines (GRIDS) using to Claimant's age, education, work experience and residual functional capacity, to ultimately find that there were a number of jobs available that

Claimant could perform at the sedentary level. (T-21). He further found that because Claimant would not be disabled if she stopped the substance abuse, the substance abuse was a contributing factor material to the determination of disability, and as such, Claimant was not disabled at any time through the date of the decision. *Id.*

## DISCUSSION

**I.     Did the ALJ fail to properly evaluate Claimant's residual functional capacity?**

In her first enumeration of error, Claimant contends that the ALJ erred in failing to properly evaluate her residual functional capacity. (R-10, p. 14). Specifically, Claimant argues that the ALJ failed to evaluate her vision impairment and improperly applied the GRIDS; improperly evaluated her mental limitations; and failed to properly evaluate the combined effect of all of her physical and mental impairments on her ability to work. *Id.* at 14-21.

### A.     Visual Impairment/ GRIDS

Claimant first contends that the ALJ failed to evaluate her vision impairment, arguing that she was diagnosed with multifocal choroiditis/ punctuate inner choroidopathy which was diagnosed by a retinal specialist. (R-10, p. 14). Claimant further contends that in failing to evaluate her vision impairment, which is a non-exertional limitation, the ALJ erred in applying the GRIDS and not calling a vocational expert to testify.

The record reveals that Claimant listed "back and vision problems and panic attacks" as her disabling impairments when she applied for disability benefits with the Social Security Administration. (T-55). The Claimant's application for benefits stated that her conditions

5

limit her ability to work because she has constant "back and leg pains." *Id.* The only mention of her visual impairment in the hearing was when the ALJ asked her when the last time she drove a car was and she responded that "my eyes are real bad, and I see things jump out in front of me." (T-587). Furthermore, Claimant's representative, an attorney, made a closing argument at the conclusion of the hearing wherein he mentioned several of Claimant's impairments, but made no mention of any visual impairment. (T-591). He did, however, state:

> "[Claimant]'s also exhibited a severe amount of problems to the point that she's trying to help herself by not even driving a vehicle, which is something that all of us generally do on a day-to-day basis without thinking twice. And she's decided to take herself out of that equation because she doesn't want to harm anybody. What is interesting is her account of the fact that while operating - - she has a vehicle, she has seen hallucinations. She thinks things are jumping in front of her, or whatever." *Id.*

Merely noting the existence of an impairment, however, does not make it a condition the Commissioner must analyze. As the Regulations state, the burden of proving that she is disabled is on the Claimant. *See,* 20 C.F.R. § 416.912. That means that "[I]n an action seeking disability benefits, the burden is upon the claimant to demonstrate existence of a disability as defined by the Social Security Act." *Brady v. Heckler,* 724, F.2d 914, 918 (11th Cir. 1984); *citing Fortenberry v. Harris,* 612 F.2d 947 (5th Cir.1980). It is, therefore, not the responsibility of the ALJ to analyze each and every impairment listed by the claimant in her medical records to determine if that impairment causes or contributes to a claimant's inability to work. It is the sole responsibility of the claimant to do so. To require that the ALJ address

6

every impairment mentioned in a claimant's medical records to determine its severity would remove the burden from the Claimant and place it squarely on the shoulders of the Commissioner.

It is found, therefore, that Claimant's contention that the ALJ erroneously failed to evaluate her visual impairment is without merit. Because the court finds no error in the ALJ's determination of her impairments, it is further found that the ALJ was not required to find that her visual impairment was a non-exertional limitation which precluded his reliance on the GRIDS.

**B.     Mental Limitations**

Claimant next contends that the ALJ failed to analyze all of her mental limitations. (R-10, p. 15). Claimant argues that the ALJ improperly determined that absent her alcohol abuse, Claimant's only mental limitation is her bipolar disorder. *Id.* Furthermore, Claimant argues that the ALJ made an improper determination that her substance abuse was a contributing factor in determining whether she was disabled. *Id.*

Claimant states that since 2004, she had been diagnosed with schizoaffective disorder, bipolar disorder, ADHD- inattentive type, generalized anxiety disorder, alcohol abuse and personality disorder by her treating physician. (R-10, p. 15). She further asserts that in 2006, following a suicide attempt, she was diagnosed with opiate and anxiolytic dependence, alcohol abuse, bipolar disorder, post traumatic stress disorder-mild, substance abuse-induced psychotic disorder with hallucinations, and borderline personality disorder. *Id.* at 16; T-418. Claimant contends, therefore, that substantial evidence does not support the ALJ's finding

that absent her substance abuse, her only mental impairment is bipolar disorder and her only work-related limitation was to unskilled tasks. *Id.*

As stated *supra*, the Regulations state that the burden is on the claimant to prove the severity of her impairments. 20 C.F.R. §§ 404.1512(a)(c); 416.912(a) and (c). It is the responsibility of the Claimant to demonstrate that her impairments are severe. In this case, then, Claimant was required to establish that even if she did not have a substance problem with alcohol, her anxiety, schizoaffective disorder, ADHD- inattentive type, post traumatic stress disorder, psychotic disorder with hallucinations, and borderline personality disorder were severe within the meaning of the Regulations. Claimant failed to do so. If anything, the record demonstrates that when Claimant is not drinking, she is less anxious, depressed and paranoid, and, alternatively, that when she has admitted to drinking, her depression, hallucinations and paranoia are increased. (T-424, 558, 560, 562). Therefore, the court finds no error in the ALJ's finding that absent her substance abuse, Claimant's only severe mental impairment is bipolar disorder.

As to her claim that the ALJ erred in finding that her substance abuse was a contributing factor in this case, although the ALJ found that Claimant was disabled due to substance abuse induced psychosis, bipolar disorder, degenerative disc disease and status post lumbar surgery, the Regulations require him to "determine whether" Claimant's "alcoholism [was] a contributing factor material to the determination of [her] disability" based on her history. 20 C.F.R. § 404.1535. The Social Security Act precludes the award of benefits to an individual "if alcoholism or drug addiction would (but for this subparagraph)

be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §416.935; *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001). However, it is not simply the quality of being addicted that precludes the receipt of benefits. The test for benefits is whether a claimant would still be disabled even if he ceased drug or alcohol abuse. The regulations further explain that a person who suffers from disabling impairments unrelated to alcoholism or drug addiction is not prevented from receiving benefits. *See* 20 C.F.R.§404.1535(b), 416.935(b).

As noted above, the record reveals that Claimant's functioning improved when she was not under the influence of alcohol. (T-424, 458, 460, 462). Objective expert medical evidence showed that Claimant had no memory problems and could engage in tasks with sustained concentration. (T-208-210). Therefore, no error is found in the Administrative Law Judge's determination that alcoholism was a contributing factor to Claimant's disability and, further, no error is found as to the ALJ's determination of Claimant's mental impairments. *See Doughty,* 245 F.3d at 1281.

### C. Combined Effect of Impairments

Claimant further alleges that the ALJ failed to properly evaluate the combined effect of all of her limitations on her ability to work. She claims that because the ALJ erred in assessing her mental impairments and her vision impairment, he could not have validly determined how the limitations which resulted from these impairments, in combination with her other impairments, would prevent her from performing work-related activities. (R-10, p.

20).

A review of the record, along with the ALJ's findings, reveals that the ALJ correctly found that Claimant's assertions regarding the limitations resulting from her impairments were not established by the record. As has been stated, the burden is on Claimant to present evidence of any claimed impairment and/or any combination of impairments and the limitations which ensue from said impairments. Herein, Claimant failed to produce medical evidence that indicated that her mental residual functional capacity nor her visual impairment, along with her other impairments, caused any limitations that precluded her from doing sedentary work, or that said conditions were not controlled by treatment or medication. Therefore, this court finds that the ALJ evaluated the combined effects of all of her properly determined limitations in finding that she was capable of performing sedentary work.

## II. Did the ALJ improperly evaluate the Claimant's subjective allegations of pain?

Lastly, Claimant contends that the ALJ failed to properly evaluate her extensive treatment record and complaints of pain in determining that her subjective allegations of pain were not entirely credible. (R-10, p. 21). Specifically, she contends that the ALJ ignored medical records documenting her back impairments; failed to acknowledge how her pain would affect her ability to stay on task, among other work-related activities; and ignored her complaints of an inability to concentrate. (R-13, p. 6,7).

Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the

> objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The Eleventh Circuit has also held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit

> such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995); *quoting Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983).

In this case, the ALJ discussed Claimant's medical history and cited to medical evidence regarding her allegations of the severity of her pain. The ALJ acknowledged the requirements and procedures he must follow in assessing Claimant's residual functional capacity, making specific reference to 20 C.F.R. §§ 416.927 and 416.929 as well as Social Security Rulings 96-2p, 96-4p, 96-5p, 96-6p and 96-7p. (T-19). The record reveals that the ALJ considered Claimant's testimony and medical evidence provided by the Claimant to find that although her impairments would be expected to produce the physical symptoms alleged, her allegations of pain did not support the intensity, duration and limiting effects that she asserted. (T-19).

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible." SSR 96-7p. A limitation cannot be established solely by a claimant's own report. *See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "shows the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.*

Applying the *Holt* test to this Claimant's pain allegations, the Court concludes that the claimant failed to overcome the Findings of the ALJ by establishing either that the medical evidence confirmed the severity of her pain or that her medical condition was so severe as to reflect the alleged pain. As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Here, the ALJ applied the proper standards and supported his credibility assessment with substantial evidence in the record.

## **CONCLUSION**

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case. This Court finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence. Moreover, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

**SO RECOMMENDED**, this the 26th Day of August, 2008.

S/ G. MALLON FAIRCLOTH
eSw                    UNITED STATES MAGISTRATE JUDGE